UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | Criminal Action No. 6: 06-100-DCR |
| ) | and |
| V.    ) | Civil Action No. 6: 15-00214-DCR |
| ) | |
| BOBBY J. JONES,    ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant.    ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Bobby Jones' motion to vacate his sentence pursuant to 28 U.S.C. § 2255 or, in the alternative, for relief under 28 U.S.C. § 2241 or 28 U.S.C. § 1651(a). [Record No. 50] On October 20, 2006, Jones pled guilty to being an armed career criminal in violation of 18 U.S.C. § 922(g)(1) and § 924(e) (Count 1 of the Indictment) and agreed to forfeiture of certain assets (Count 2 of the Indictment). [Record Nos. 14 and 17] Thereafter, Jones was sentenced to 180 months imprisonment. [Record No. 17] On direct appeal, the United States Court of Appeals for the Sixth Circuit affirmed his conviction. [Record No. 29]

Following his direct appeal, Jones filed a motion to reduce his sentence under 18 U.S.C. § 3582. [Record No. 31] On January 10, 2013, the Court denied his § 3582 motion without prejudice, holding that his motion was actually a collateral attack on his conviction, a remedy only available under 28 U.S.C. § 2255. [Record No. 32] Jones then filed a § 2255 motion to vacate, set aside, or correct his sentence on February 11, 2013. [Record No. 33] The magistrate judge assigned to the matter recommended that the Court deny Jones' § 2255

motion as time-barred. [Record No. 43] On June 13, 2013, the Court adopted the magistrate judge's recommendations, denied Jones' motion, and declined to issue a Certificate of Appealability. [Record No. 45]

Jones is still serving his federal sentence. Proceeding without an attorney, he has now filed another motion seeking relief under § 2255. This motion is based on the Supreme Court's recent decision regarding the Armed Career Criminal Act in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).[1] [Record No. 50]

Under 28 U.S.C. § 2255(h), a second or successive motion to vacate must be certified as provided in section 2244. That section states that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Jones has not filed such a motion with the Sixth Circuit, the present motion to vacate is procedurally barred. *See Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); 28 U.S.C. § 2255(h) (Successive motion must be certified to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); *Albo v. United States*, 498 F. App'x 490, 494–95 (6th Cir. 2012).

---

1   In *Johnson*, the Court addressed the constitutionality of the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), holding that it violates due process because it is unconstitutionally vague. 135 S. Ct. at 2557.

Jones also argues in the alternative that he is entitled to habeas relief under 28 U.S.C. § 2241.  [Record No. 50]  Under § 2241, "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  Section § 2241's "respective jurisdictions" language limits the habeas power of federal courts over prisoners in federal custody "to those district courts within whose territorial jurisdiction the custody is located."  *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973)).  Thus, a district court may dismiss a habeas petition based on § 2241 for lack of jurisdiction where the petitioner is in custody in a different judicial district.  *See United States v. Hargis*, 891 F.2d 293 (table), 1989 WL 150521 (6th Cir. Dec. 13, 1989).  Here, Jones is confined at the Federal Correctional Institution in Butner, North Carolina.[2]  As a result, jurisdiction for his § 2241 claims rests in the federal district in North Carolina where FCI – Butner is located, not in this Court.

Finally, Jones contends that if relief is not available under § 2255 or § 2241, he is entitled to a writ of error of coram nobis based on 28 U.S.C. § 1651.  [Record No. 50]  However, coram nobis relief "is available only when a § 2255 motion is unavailable – generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief."  *United States v. Acosta*, 10 F. App'x 294, 296 (6th Cir. 2001) (citing *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001)).  Jones admits in his petition that he is still serving time on the sentence in question, and whether he is

---

2    Jones states in his petition that he is currently housed at "LSCI – Butner in Butner, North Carolina.  The Federal Bureau of Prisons' website shows that he is incarcerated at "Butner Low FCI."  *See* http://www.bop.gov/inmateloc/.

entitled to relief under § 2255 is still uncertain, depending on the Sixth Circuit's decision regarding this second petition.

For the reasons discussed above, Jones' alternative claims for relief under 28 U.S.C. § 2241 and 28 U.S.C. § 1651(a) will be dismissed without prejudice. Because this Court lacks jurisdiction to entertain the present § 2255 motion, the remaining § 2255 claim will be transferred to the Sixth Circuit so that it may determine whether Jones is entitled to bring a second or successive motion for relief. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Jones' motion to vacate [Record No. 50] is **DENIED**, in part. His claims under 28 U.S.C. § 2241 and 28 U.S.C. § 1651(a) are **DISMISSED** without prejudice.

2. Defendant Jones' motion to vacate under 28 U.S.C. § 2255 [Record No. 50] shall be construed as a motion for leave to file a second or successive petition for collateral relief under § 2255. The Clerk of Court is **DIRECTED** to transfer that motion to the Sixth Circuit as a second or successive petition in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

This 11th day of January, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge